IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRAD I. FISHER                                                                                    PETITIONER

VERSUS                                                           CIVIL ACTION NO.  5:05cv39DCB-MTP

CONSTANCE REESE, Warden                                                                RESPONDENT

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal.   Petitioner was an inmate at the Federal Correctional Institute-Yazoo City, Yazoo City, Mississippi, when he filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241.[1]  According to the petitioner's notice of a change of address [7-1], he has been transferred to a federal prison facility in Atlanta, Georgia.

Background

The petitioner was convicted in the United States for the Northern District of Georgia of conspiracy with intent to distribute and to possession with intent to distribute methamphetamine to run concurrent and was sentenced on November 17, 2000, to a term of 135 months.  See United States v. Fisher, 1:00cr303-DAP-JMF (N.D. Ga. Nov. 20, 2000).

The petitioner presents as his only ground for habeas relief the following:  the Bureau of Prisons (BOP) has failed to calculate correctly his earned good conduct time.  This assertion is based on his argument that the BOP is misinterpreting 18 U.S.C. § 3624(b).  According to the

---

[1] An order [8-1] was entered on April 12, 2006, staying this case pending the United States Supreme Court's decision concerning the petition of writ of certiorari in Moreland v. Federal Bureau of Prisons , 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).  On August 23, 2006, an order [9-1] was entered lifting the stay because the United States Supreme Court had denied the writ of certiorari in Moreland.

petitioner, the result of BOP misinterpreting the statute governing the calculation of good conduct time is the petitioner being denied 78 days of good conduct time. The petitioner indicates that receiving 78 days in good conduct time would cause him to be released earlier from incarceration.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). This court finds that petitioner Fisher is clearly attacking the execution of his sentence and has properly filed this petition pursuant to 28 U.S.C. § 2241. At the time the petitioner filed the instant habeas petition, he was housed in the Federal Correctional Institute - Yazoo City, which is located in the Southern District of Mississippi. However, since that time he has been transferred to a prison which is no longer within the jurisdiction of this court.

Title 28 U.S.C. § 2241 states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The petitioner's present custodian, the warden of the federal prison facility in Atlanta, Georgia, is not within this court's jurisdiction. "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001)(citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999)("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated. As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have

jurisdiction to entertain his § 2241 petition.")).

Because the petitioner is housed in a district where this court does not have jurisdiction over him or his custodian, this court no longer has jurisdiction to address the constitutional issues presented by him as they relate to the execution of his sentence.[2]  Lee v. Wetzel, 244 F.3d 370, 374 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494 -95 (1973); Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999)).  Consequently, the petitioner cannot maintain this § 2241 habeas petition in this court, but must pursue such a § 2241 habeas petition challenging the execution of his sentence in the district of his confinement, which is currently the United States District Court for the Northern District of Georgia.

## Conclusion

As stated above, this court does not have jurisdiction to entertain the petitioner's challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241 because he is not incarcerated, nor is his custodian located, within this district.  Thus, this court does not have the "authority to direct the actions of the restraining authority."  See Lee v. Wetzel, 244 F.3d 370, 374 (5th Cir. 2001) (quoting Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999)).  As such, this petition will be dismissed for this court's lack of jurisdiction, without prejudice.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

SO ORDERED this the   10th   day of   May  , 2007.

                                           s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE

---

[2] Even assuming *arguendo* that this court has jurisdiction to decide the merits of this petition, it is unclear to this court that the petitioner's claim would be found to be meritorious.  See Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), cert. denied, 126 S.Ct. 1906 (2006).